In re LASCH.

(District Court, E. D. Pennsylvania. December 16, 1905.)

No. 1,839.

BANKRUPTCY—PETITION FOR REVOCATION OF DISCHARGE—REFUSAL OF PETITIONERS TO ADVANCE COSTS.

Where a petition for revocation of a bankrupt's discharge was answered, and the matter referred for hearing to a special referee, and his request for a deposit to cover the costs of the hearing was refused by the petitioners, and no further proceedings before the referee were had, the petition will be dismissed for want of prosecution at the cost of the petitioners.

In Bankruptcy. On petition for revocation of order.

The following is the report of Referee Richard S. Hunter sur petition for revocation of discharge:

The referee, to whom the above petition was, on December 2, 1904, by your honors referred for consideration and report thereon, respectfully reports: That answer was duly made to the said petition, denying the allegations thereof and averring that the petition shows no ground for the revocation of the decree of discharge. That the referee called upon the petitioners, through their counsel, to furnish an indemnity against costs, but that counsel, after consulting his clients, reported to the referee that no indemnity could be obtained. That counsel for the petitioners has now verbally reported to the referee that no further steps will be taken in the matter. No meetings were held before the referee and no testimony was taken. The referee therefore recommends that the petition be dismissed for want of prosecution. The referee annexes the petition and the answer. All of which is respectfully submitted.

The following is the petition of Bernard Stern for revocation of order:

To the Honorable John B. McPherson, Judge of the Said Court:

The petition of Bernard Stern respectfully represents:

First. That on or about the 2d day of December, 1904, Simon Makransky, Abraham Miller, and O. Jacobs, trading as Miller & Jacobs, and Bernard Stern, filed a petition in your honorable court, wherein, for reasons therein set forth, the petitioners prayed your honorable court to revoke the order made on the 8th day of June, 1904, discharging the said Samuel Lasch from all debts and claims which are made provable by the acts of Congress, etc., which petition was duly referred by your honorable court to Richard S. Hunter, Esq., referee in bankruptcy.

Second. That thereafter the said Samuel Lasch filed his answer, denying the facts set forth in said petition, and praying that the said petition be dismissed.

Third. That on January 16, 1905, the said Richard S. Hunter wrote to A. S. Ashbridge, Jr., counsel for the petitioners, a letter, of which the following is a copy:

"January 16th, 1905.

"In the Matter of Samuel Lasch, Bankrupt.

"A. S. Ashbridge, Jr., Esq., 1524 Chestnut Street—Dear Sir: In the above matter I am informed by Mr. Wessel that he has filed his answer. It is therefore necessary that the case shall go immediately forward. Please let me have $100 in the matter; $50 for my fee and $50 to be applied to the costs. In answer to your inquiry as to the cost of taking testimony. The allowance by the district court is ten cents a folio, and the same for each copy. One copy goes to each side and one is retained by the referee.

"Yours very truly,               Richd. S. Hunter."

Fourth. That the said letter was submitted to your petitioner, and your petitioner called upon Mr. Hunter, and asked him when the case would be heard, and the said Richard S. Hunter, Esq., referee in the said matter, stated to the petitioner that no proceedings would be had until the sum of $100 was deposited with him.

Fifth. That your petitioner did not deposit the said sum of $100 with the said Richard S. Hunter, Esq., believing the same to be unreasonable that the sum of $100 should be deposited before any proceedings were had.

Sixth. That on April 28, 1905, the said Richard S. Hunter, Esq., wrote to A. S. Ashbridge, Jr., attorney for the petitioners, a letter, of which the following is a copy:

"April 28th, 1905.
"In the Matter of Samuel Lasch, Bankrupt.

"A. S. Ashbridge, Jr., Esq., 1524 Chestnut Street—Dear Sir: I am forced to believe that the above case will not be proceeded with. Unless the deposit asked for is in my hands by Wednesday next, I shall recommend that the case be dismissed for want of prosecution.

"Yours truly,	Richard S. Hunter."

Seventh. That your petitioner refused to deposit the said sum, and thereafter the said referee filed his report recommending that the petition be dismissed.

Eighth. That subsequently, to wit, on September 27, 1905, your honorable court ordered the report of the said Richard S. Hunter, Esq., therein called "special referee," confirmed, and dismissed the said petition at the cost of the petitioners, which costs were taxed as follows: Richard S. Hunter, Esq., special referee, $15, Samuel Lasch, counsel fee, $20.

Ninth. That the petitioner only received notice of this decree on the 2d of October, A. D. 1905.

Tenth. Petitioner further avers that the said Richard S. Hunter, Esq., was the referee in the matter of Samuel Lasch, bankrupt, and that the said petition was referred to him because he was the referee in the bankruptcy matter, and therefore your petitioner believes that, as the said Richard S. Hunter, Esq., was the referee in the bankruptcy case, he had no right to demand the said sum of $100 before proceeding in this matter, and that the petitioner believes that petitioners are not liable for the costs of this proceeding, inasmuch as they could not proceed without paying the sum of $100 to the said referee before he proceeded.

Wherefore your petitioner prays that the said order made by your honorable court on the 27th day of September, 1905 be revoked, and that the matter be referred back to the referee, with direction to proceed in the matter without deposit of $100 by the petitioners. And, further, your petitioner prays that the order against the petitioners for costs in the above matter be revoked; and your petitioner prays for such other and further relief as the circumstances of the case may warrant and to your honorable court may seem meet. And he will ever pray.

Henry N. Wessel, for bankrupt.
A. S. Ashbridge, Jr., for petitioner.

HOLLAND, District Judge. The petition filed by Bernard Stern on October 4, 1905, praying the court to revoke its order in the above case, entered September 27, 1905, is dismissed.